IN RE CONTEST IN SCHOOL DISTRICT NO. 33, RENVILLE
COUNTY.
F. A. SCHAFER v. INDEPENDENT SCHOOL DISTRICT NO.
33, RENVILLE COUNTY.[1]

December 31, 1921.

No. 22,820.

Notice of school election.
 1. A notice of a special school meeting and election which states
that said meeting and election will be held on a date specified and that
the polls at said meeting and election will be open from 10 a. m. until
3 p. m. sufficiently states the time of commencement of the meeting.

Reference to resolution of school board on issue of bonds.
 2. A notice of an election to vote on an issue of bonds, which refers
to a resolution of the school board on file with the clerk for informa-
tion as to the time for which the bonds shall run, is sufficient.

Election without fraud.
 3. There was no misrepresentation or fraud in the election.

F. A. Schafer and A. C. Pankow gave notice of appeal to the dis-
trict court for Renville county from the canvass of votes at the
election in said school district at which the board of education
thereof declared that the requisite number of voters had voted in
favor of issuing the proposed bonds of the district. The appeal was
heard by Qvale, J., who made findings and dismissed the contest.
From the judgment entered pursuant to the order for judgment, F.
A. Schafer appealed. Affirmed.
 *J. J. Truax* and *Pfaender & Erickson*, for contestants.
 *L. D. Barnard*, for respondent.

HALLAM, J.
Appellants contest a school district election authorizing the issu-
ance of $100,000 of bonds. The trial court after a hearing denied
contestants any relief and dismissed the contest on the merits. Con-
testants appeal.

[1]Reported in 185 N. W. 1019.

1. Contention is made that the notice of election is insufficient. The notice states "that a special election and meeting will be held * * * on the 24th day of September, 1921, at the city hall in the city of Renville, Minnesota, the polls at said special election and meeting to be kept open from 10 a. m. to 3 p. m." Appellants contend that this fixes no time for the commencement or organization of the school meeting; that it cannot be assumed that the meeting was organized and the polls opened at the same instant. The language of the notice seems to us plain and the notice sufficiently advises the electors that the election and meeting will commence at 10 o'clock a. m. and continue until 3 p. m.

2. Contention is made that the notice does not sufficiently inform the voters of the precise questions to be voted upon. This portion of the notice reads: "The purpose of said special election and meeting is to vote upon the proposition of issuing negotiable coupon bonds of said school district in the aggregate sum of One Hundred Thousand Dollars, bearing interest at a rate not to exceed seven percent per annum, the proceeds thereof to be used for the purpose of building and equipping a new school house in said school district, and to be numbered and to mature as set forth in the resolution now on file in the office of the clerk of said school district." The contention is that the period during which the bonds shall run should have been stated. The statute provides that the board of education is authorized and fully empowered to issue bonds "in such amounts and at such periods as they may be directed by a vote of a majority in favor thereof of the legal voters; said * * * bonds to be payable in such amounts and at such times, not exceeding fifteen years, as the legal voters * * * shall determine, with interest not to exceed seven per cent per annum." G. S. 1913, § 1968. The requirement as to notice is the general provision for notice of special meetings that "the clerk shall call a special meeting of such district upon ten days' posted notice and one week's published notice * * * and shall specify in such notice the business named in * * * resolution and the time and place of meeting." G. S. 1913, § 2711. We think the notice given sufficiently complies with this statute. If it is necessary that the voters should be advised of the particular

period and time for which it is proposed that bonds be issued, the fact is that this notice refers specifically to that matter "as set forth in the resolution now on file in the office of the clerk of said school district," and the resolution is full and explicit on this point. This in our opinion was sufficient. The case of State v. School District No. 1, 15 Mont. 133, relied on by appellant, is not in point. In that case the notice in no manner specified either directly or indirectly the rate of interest or the time when the bonds were to become payable.

3. It is further contended that the contestees were guilty of misrepresentation and inferential fraud in a communication sent out to the voters. It appears that in April, 1920, a bond issue of $100,000 was authorized by the electors, but the bonds were never issued for apparently sufficient reason. While the election here contested was pending, the members of the board of education distributed among the voters of the district a communication which stated that the bond issue, upon which the vote was being taken, was in substitution of the bonds formerly authorized and not in addition thereto, and the contention is that this representation was untrue and that it is ground for setting aside the result of the election. The court found the representation to be true and in our opinion the finding is sustained by the evidence. The school board at a regular meeting passed a motion for the issuance of bonds "in lieu of the bonds issued April, 1920," and all the subsequent action of the board relating to the issuance of the bonds was pursuant thereto. The 1920 election was an authorization to the board to issue bonds, and they declined to act upon that authorization and subsequently proposed another issue of bonds in lieu thereof. This they had the power to do and this, in substance, was what they advised the voters of the district that they had done. In doing so they made no misrepresentation.

Affirmed.